UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALINA TOMA ) | ECF CASE |
| ) | |
| **Plaintiff** ) | Case Number: |
| ) | |
| vs. ) | |
| ) | |
| HSBC FINANCE CORPORATION ) | |
| (HFC) (*a member of HSBC Group*), ) | |
| & ) | |
| CALVARY PORTFOLIO SERVICES, ) | CIVIL COMPLAINT |
| LLC ) | |
| & ) | |
| SENTRY CREDIT, INC. ) | |
| ) | JURY TRIAL DEMANDED |
| **Defendants** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Alina Toma, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.   Plaintiff, Alina Toma, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendant, HSBC Finance Corporation for violations of the New York General Business Law §349 and Breach of Contract, Defendants, Sentry Credit, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, violations of New York General Business Law §349, and §601 and Breach of Contract

and Defendant, Calvary Portfolio Services, Inc. for violations of the FDCPA, as well as violations of New York General Business Law §349, and §601.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant, HFC, maintains a primary location in this District and conducts business in this District.

## III. PARTIES

4. Plaintiff, Alina Toma, is an adult natural person residing at 606 Shaner Road, Palmdale, CA 93551. At all times material and relevant hereto, Plaintiff was a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, HSBC Finance Corporation, ("Defendant, HFC"), at all times relevant hereto, is and was a corporation engaged in the business of providing financial services nationwide, including, but not limited to the States of New York and has primary location at One HSBC Center, Buffalo, NY 14203.

6. Defendant, Calvary Portfolio Services, LLC ("Defendant, Calvary"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New York with its principal place of business located at 7 Skyline Drive, Hawthorne, NY 10532.

7. Defendant, Sentry Credit, Inc. ("Defendant, Sentry"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of Washington with its principal place of business located at 2809 Grand Avenue, Everett, WA 98201.

8.  Defendants, all of them, are engaged in the collection of debts from consumers using the telephone and mail. Defendants, Sentry and Calvary, are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

9.  On or about May 24, 2010, Plaintiff along with the aid of her personal legal counsel entered into a settlement arrangement with the Defendant, Sentry, to pay off an alleged debt owed to Defendant, HFC.  **See "EXHIBIT A" (settlement letter) attached hereto**.

10. Defendant, Sentry, and Plaintiff agreed to a settlement amount of $1,968.78.

11. Plaintiff was to make ten (10) payments to Defendant, Sentry, until the balance was paid in full.

12. Plaintiff's first payment of $692.00 was due on or before May 28, 2010.

13. Plaintiff with the assistance of her legal counsel issued payment as required by the agreed upon arrangement.

14. On or about June 2, 2010, Defendant, Sentry, accepted and deposited the above payment.

15. Plaintiff issued all payments as required to Defendant, Sentry.

16. Defendant, Sentry, accepted and deposited all payments up until February, 2011.

17. In or around February, 2011, Plaintiff's final payment was returned.

18. Defendant, Sentry, informed Plaintiff's legal counsel that they no longer had the Plaintiff's account.

19. Defendant, Sentry, stated that Defendant, HFC, took Plaintiff's account back in October, 2010.

20. Despite Defendant, HFC, taking back Plaintiff's account in October, 2010, Defendant, Sentry continued to accept and deposit Plaintiff's monthly settlement payments until January, 2011.

21. At about that same time, Plaintiff's attorney called and spoke with Defendant, HFC's, agent, "Jason Moses", who stated that the Defendant, HFC, posted Plaintiff's payments as "regular payments" toward the full balance of the Plaintiff's account and not toward the agreed upon settlement arrangement that was in place with Defendant, Sentry.

22. Defendant, HFC's, agent, "Jason Moses" stated that they were unaware of a settlement arrangement between Plaintiff and Defendant, Sentry.

23. Defendant, HFC, informed the Plaintiff that they were still responsible to pay the full balance of the alleged debt due.

24. In early February, 2011, Plaintiff started to receive collection calls from Defendant, Calvary.

25. Defendant, Calvary, is attempting to collect full balance of $3,477.19 owed to Defendant, HFC.

26. At that same time, Plaintiff sent Defendant, Calvary, proof that the debt was already paid to Defendant, Sentry.

27. Defendant, Calvary, declined Plaintiff's proof and told the Plaintiff that it was not good enough.

28. Defendant, Calvary insisted that Plaintiff supply Defendant with a Notice of Closing for the account.

29. To date, Defendant, HFC, has not issued Plaintiff a Notice of Closing.

30. Plaintiff informed Defendant, Calvary's, agent, "Lynette Jefferson", that she has retained the services of personal legal counsel and that the Defendant would need to speak with her attorney directly.

31. Plaintiff continues to receive calls from Defendant, Calvary.

32. Plaintiff's mother, has also received calls from Defendant, Calvary's, agent, "Lynette Jefferson", who informed Plaintiff's mother that the Plaintiff was responsible for this debt and that she would be going to court if she did not pay immediately.

33. The Plaintiff has suffered and continues to suffer actual damages as a result of all Defendants unlawful conduct.

34. As a direct consequence of the all Defendants acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear frustration and embarrassment.

35. The Defendants, all of them, showed conduct that was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as intolerable.

36. The Defendants, Sentry and Calvary, knew or should have known that their actions violated the FDCPA. Additionally, Defendants, Sentry, and Calvary, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37. At all times pertinent hereto, Defendants, Sentry, and Calvary, were acting by and through their agents, servants and/or employees, who were acting with the scope and course of

their employment and under the direct supervision and control of Defendants, Sentry, and Calvary, herein.

38. At all times pertinent hereto, the conduct of Defendants, Sentry, and Calvary, as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

39. As a result of Defendants, Sentry, and Calvary, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. Sentry & Calvary

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendants, Sentry, and Calvary, were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer is represented by an attorney |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |

| | |
|---|---|
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, Sentry Credit, Inc. and Calvary Portfolio Services, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

### Plaintiff v. HFC, Sentry & Calvary

43. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

44. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

45. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

(h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing Plaintiff.

46.  As a direct and proximate result of all Defendants deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that they, among other things, suffered stress and anxiety as a result of the practices and actions of all Defendants.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendants, HFC, Sentry, and Calvary, Order the following relief:

    a.  Actual damages;

    b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III

### Violations of New York General Business Law §601

### Plaintiff v. Calvary Portfolio Services, LLC

47.  Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

48.  Under New York General Business Law §601, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

49.  GBL §601 provides in relevant part as follows:

    (a)  Communicate with the debtor or any member of his family or household with such frequency or at such unusual hours or on in such a manner that can reasonably be expected to abuse or harass the debtor;

(b) Threaten to take action which the creditor in the usual course of business does not in fact take or;

(c) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist; or

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, Calvary Portfolio Services, LLC, and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT IV

### BREACH OF CONTRACT

### Plaintiff v. HFC and Sentry

50. The above paragraphs are hereby incorporated herein by reference.

51. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, HFC, and Sentry, promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

52. Plaintiff fulfilled his contractual obligation by making timely payments.

53. Defendants, HFC, and Sentry, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, HFC, and Sentry, for the following:

a. Actual damages;

b. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

WARREN & VULLINGS, LLP

Date: May 3, 2011

BY: _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com